

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Gilbert Smith
County Attorney
Jones County
Anson, Texas

Dear Sir:                    Opinion No. O-2190
                             Re: Application of Subd. 2 of
                             Art. 7047, R.C.S., to the in-
                             dividual described below.

          Receipt is acknowledged of your letter of re-
cent date requesting the opinion of this department
touching the above matter. The first paragraph of your
letter reads:

          "There is some difference of opinion as
     to whether Subdivision 2, of Article 7047, Re-
     vised Civil Statutes of Texas, applies to
     Watkins and Rawleigh agent, who travels about
     a county selling, soaps, fly sprays, extracts,
     pans and utensils, patent medicines and etc."

          You state that the factual background to your
inquiry corresponds to the facts in the case of COLLINS
v. STATE, 182 S.W., 327.

          Subdivision 2 of Article 7047, provides:

          "2. TRAVELING VENDORS OF PATENT MEDICINES.
     From every traveling person selling patent or
     other medicines, fifty dollars, and no travel-
     ing person shall so sell until said tax is so
     paid. This tax shall not apply to commercial
     travelers, drummers, or salesmen making sales
     or soliciting trade for merchants engaged in
     the sale of drugs or medicines by wholesale."

          Under the Collins' case, as well as the case of

Hon. Gilbert Smith, page 2

NEEDHAM v. STATE, 103 S.W., 857, there would seem to be no doubt of the application of this statute to such situation insofar as the contract between the traveling vendor and his company, and the method of sales by the peddler, is concerned.

Presumably, you are concerned about the question of whether the fact that the traveling person sells not only patent medicines, but also soaps, fly sprays, extracts, pans, utensils, etc., would relieve the application of the statute.

Our research reveals no case in Texas directly resolving this question. The case of SHED v. STATE, 155 S.W. 524, however, involved facts described as follows in the court's statement of the case at pp. 524, 525:

"Appellant was convicted of the offense of being a traveling person pursuing the occupation of selling patent and other medicines.

"The evidence unquestionably shows that appellant had a two-horse hack on which was painted 'Watkins' Remedies'; that he traversed Coryell County, selling these remedies and Watkins' spices, etc.; that this was his regular occupation. Appellant himself testified and stated: 'My name is A. T. Shed. I am the defendant in this case. I understand what I am being tried for. I am principally engaged in selling extracts, spices, flavorings, soaps, perfumes and other toilet articles. I am in the employment of J. R. Watkins Medical Company, Winona, Minn., U. S. A. * * *

"Cross-examination of the witness A. T. Shed: 'I sell medicines, but I sell only conditionally. I spend more time talking up soaps, spices, etc.; but at the same time I talk up the medicines too and offer them for sale in the way I have told you."

In affirming the judgment of conviction, the court took no cognizance of the facts as shown pertaining to the sale of products other than patent medicines, and said at page 526 of the opinion:

"In so far as appellant is concerned he

Hon. Gilbert Smith, page 3

had established and was carrying on a certain
line of business wholly within the state, and
such a class of business and occupation can be
regulated by the state, for the great weight
of authority supports the right to tax peddlers
where the law does not discriminate between
products of residents and non-residents * * * .

"Appellant was being prosecuted for pur-
suing a given occupation - that of peddling
patent and other medicines. And each sale
would have a tendency to prove that he was so
engaged, and the court did not err in permit-
ting evidence to be adduced of individual sales."

There is the same implication in the case of
PEOPLES v. STATE, 152 S.W. 168, from which we quote as
follows:

" * * * . After the expiration of his
license the testimony would show that in travel-
ing he only sold peppers, spices, soaps, and
flavorings, at the same time advertising the
remedies, but would not sell the same from the
wagon. Without some evidence that he sold these
remedies while acting as a traveling salesman,
the judgment cannot be sustained. It is evident
that after the expiration of his license he con-
tinued to drive about the country in the Watkins
wagon, but there is no evidence that he made a
sale of any character of medicine, and under
these circumstances the verdict of the jury was
unauthorized. * * * "

The proposition is entirely sound, in our opin-
ion, that a person who is a traveling vendor of patent
medicines is liable for the occupation tax imposed by Ar-
ticle 7047, Subdivision 2, supra, notwithstanding he may
also sell other products in connection therewith. Such
is consonant with the statute itself, and with the cases
cited.

Accordingly, you are respectfully advised that
in our opinion the individual described in your inquiry,
is subject to the occupation tax imposed by Subdivision
2 of Article 7047, supra.

Hon. Gilbert Smith, page 4

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVED APR 16, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY